**\*FOR PUBLICATION\***

---

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION**

---

| | |
|---|---|
| **CHARLES PEMBERTON,** | ) **D.C. Civ. APP. NO. 2003/124A** |
| | ) |
| Appellant, | ) Sup.Ct.Civ.No. 699/2002 |
| | ) |
| v. | ) |
| | ) |
| **HOVENSA, L.L.C. and** | ) |
| **ST. CROIX BASIC SERVICES,** | ) |
| | ) |
| Appellees. | ) |

On Appeal from the Superior Court of the Virgin Islands

**Considered: August 15,2008
Filed: April 24, 2009**

BEFORE:   **CURTIS V. GÓMEZ,** Chief Judge, District Court of the
Virgin Islands; **RAYMOND L. FINCH,** Judge of the District
Court of the Virgin Islands; and **MICHAEL C. DUNSTON,**
Judge of the Superior Court of the Virgin Islands,
sitting by designation.

**ATTORNEYS:**

**Lee J. Rohn, Esq.
K. Glenda Cameron, Esq.**
St. Croix, U.S.V.I.
         Attorneys for Appellant/Cross Appellee.

**O'Nika Gilliam, Esq.
Richard P. Farrelly, Esq.**
St. Thomas, U.S.V.I.
         Attorneys for Appellees/Cross-Appellants.

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Memorandum Opinion
page 2

---

| **Memorandum Opinion** |
| --- |

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter is before the Court on appeal and cross-appeal. The parties challenge a Superior Court order denying Appellant Charles Pemberton's ("Appellant" or "Pemberton") motion to reconsider, compelling him to arbitration and dismissing his personal injury action against Appellees, HOVENSA, L.L.C. and St. Croix Basic Services.

HOVENSA, L.L.C. ("Hovensa") owns and operates an oil refinery on St. Croix. Wyatt, V.I. Inc. ("Wyatt") is a Hovensa contractor. Pemberton applied to work for Wyatt. However, Wyatt would not consider his application unless he signed a Dispute Resolution Agreement ("DRA"). The DRA required applicants to submit "any and all claims, disputes or controversies arising out of or relating to [his] application or candidacy for employment" to binding arbitration. (App. 43.) Pemberton signed the DRA.[1]

Subsequently, Wyatt offered him a position. Wyatt also required all employees in the Virgin Islands to sign an employment contract ("contract" or "agreement" or "employment contract"), prior to commencing employment.   The contract

---

[1] The agreement was a one year renewable contract.

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 3

contained a dispute resolution provision ("provision" or "dispute resolution provision")that required Wyatt and Pemberton to arbitrate, *inter alia*, claims for wages, compensation, wrongful discharge and tort. (App. 28, Section V.) The provision stated that the agreement extended to Hovensa as an intended third party beneficiary. (*Id.*) It also incorporated by reference the American Arbitration Association's "National Rules for the Resolution of Employment Disputes." (*Id.*)

Pemberton signed the agreement and was hired by Wyatt as a boiler maker helper.  While working in this capacity, Pemberton allegedly slipped and fell off of a ladder at the Hovensa refinery, in August of 2003.  St. Croix Basic Services "St. Croix Basic", a Hovensa contractor, constructed the scaffolding that contained the ladder. In October of 2003, Pemberton filed a complaint with the Superior Court claiming that the premises were unsafe, the ladder was improperly affixed and that Hovensa and St. Croix Basic were liable for his injuries.

Hovensa answered, then moved to compel arbitration and stay the proceedings pursuant to the employment contract.  On July 16, 2003, the trial court granted Hovensa's motion and stayed the matter pending arbitration. Pemberton responded by filing a motion to reconsider, or in the alternative to certify for interlocutory appeal.

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 4

On July 29, 2003, the court denied Pemberton's request for certification. However, in denying Pemberton's motion, the trial court departed from the stay it had previously issued, ordered the parties to arbitration and also dismissed the case with prejudice. Relying on *Lloyd v Hovensa*, 243 F. Supp. 2d 346 (D.V.I. 2003), the trial court specifically held that "if arbitration is compelled, the Court must dismiss with prejudice." (App. 2.) Pemberton's timely appeal followed. Subsequently, Hovensa filed a timely cross-appeal.

## II. ISSUES PRESENTED

The parties raise several issues on appeal. Pemberton argues that the Superior Court erred by compelling arbitration, because his personal injury claim falls outside the substantive scope of the arbitration agreement. Pemberton also posits that: 1)the trial court failed to develop a proper record; 2)the agreement is unconscionable; 3) Hovensa is not an intended third-party beneficiary who has a right to compel arbitration and; 4)the agreement violates Virgin Islands statutory law and public policy principles.

In its cross-appeal, Hovensa argues that the Superior Court erred in deciding to *sua sponte* enter dismissal with prejudice rather that a stay pending arbitration.

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 5

## III. JURISDICTION AND STANDARD OF REVIEW[2]

### A.   Jurisdiction over the trial court's order dismissing the matter with prejudice

9 U.S.C. §§ 1-16 ("FAA") applies to decisions of the Superior Court of the Virgin Islands and guides our review. *See Government of the Virgin Is. v. United Indus. Workers*, 987 F. Supp. 439, 440 (D.V.I. 1997). Under § 16 of the FAA, whenever a stay is entered under § 3, the party resisting arbitration is expressly denied the right to an immediate appeal of the trial court's interlocutory order to arbitrate.[3] By denying immediate appeal, the judicial system's interference with the arbitral process is usually curtailed unless and until there is a final award.[4] *See Lloyd v. Hovensa*, 369 F.3d 263, 270 (3d Cir. 2004). In this case, however, no stay issued.

Here, the trial court denied Pemberton's motion for reconsideration, dismissed the action and compelled it to

---

[2] In construing the language of the FAA, our review is plenary. *See Shenango Inc. v. Apfel*, 307 F.3d 174, 192(3d Cir. 2002).

[3] Under 9 U.S.C. § 16(a)(1)(A) & (B), a party may seek immediate appeal of an order refusing a to grant a stay under § 3 of the FAA or an order denying a petition to compel arbitration under § 4. *Lloyd v. Hovensa*, 369 F.3d at 270. Under 9 U.S.C. § 16(b)(1) & (2), however, an appeal may not be taken (except as provided by 28 U.S.C. § 1292(b)) from an interlocutory order granting a stay under § 3 or compelling arbitration under § 4. *Id.*

[4] The Superior Court has jurisdiction over the Arbitrator's award under both Virgin Islands' law and the FAA. *Government of the Virgin Is. v. United Indus. Workers*, 987 F. Supp. 439, 444 (D.V.I. 1997); *Southland Corp. v. Keating*, 465 U.S. 1, 16(1984); *see, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265,(1995); *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 477 n.6,(1989)(citations omitted).

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 6

arbitration.[5] The dismissal order is thus, a final decision within

the meaning of § 16(a)(3) and we may exercise jurisdiction over

it.[6] *Lloyd v. Hovensa*, 369 F.3d at 268; *see* 9 U.S.C. §§ 9, 10, 11;

*see also* V.I Code Ann. tit. 4, §§ 33-40; Revised Organic Act of

---

[5] Generally, the denial of a motion for reconsideration is reviewed for
abuse of discretion. *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir.
1992). However, because an appeal from a denial of a motion for
reconsideration necessarily raises the underlying judgment for review, the
standard of review varies with the nature of the underlying judgment. *Id.*
Thus, any legal issues are subject to plenary review, while any factual issues
are reviewed for clear error, and any issue ordinarily subject to review under
the abuse of discretion standard will receive such review. *Id.* Where this
appeal presents legal questions concerning the applicability and scope of an
arbitration agreement, our standard of review is plenary. *See Pritzker v.
Merrill Lynch, Pierce, Fenner & Smith, Inc.* 7 F.3d 1110, 1113 (3d Cir. 1993);
*In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 133 F.3d 225, 227 (3d
Cir.1998).

[6] (a) An appeal may be taken from--
     (1) an order--
          (A) refusing a stay of any action under section 3 of this title
              [9 USCS § 3],
          (B) denying a petition under section 4 of this title [9 USCS §
              4] to order arbitration to proceed,
          (C) denying an application under section 206 of this title [9
              USCS § 206] to compel arbitration,
          (D) confirming or denying confirmation of an award or partial
              award, or
          (E) modifying, correcting, or vacating an award;
     (2) an interlocutory order granting, continuing, or modifying an
         injunction against an arbitration that is subject to this
     title; or
     (3) a final decision with respect to an arbitration that is
         subject to this title.
  (b) Except as otherwise provided in section 1292(b) of title 28, an
  appeal may not be taken from an interlocutory order--
       (1) granting a stay of any action under section 3 of this title
           [9 USCS § 3];
       (2) directing arbitration to proceed under section 4 of this
           title [9 USCS § 4];
       (3) compelling arbitration under section 206 of this title [9
           USCS § 206]; or
       (4) refusing to enjoin an arbitration that is subject to this
  title.

9 U.S.C. § 16.

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 7

1954 § 23A, 48 U.S.C. § 1613a.[7]

### B.   Jurisdiction over the merits

Relying in part on the 1994 case of *Adair Bus Sales, Inc. v. Blue Bird Bird Corp.*,[8] Hovensa suggests, in the alternative, that while we may exercise jurisdiction over procedural issues, we lack jurisdiction to consider the merits.  We disagree.

In *Adair Bus Sales*, the Plaintiff appealed the United States District Court of New Mexico's order mandating arbitration and dismissing the Plaintiff's breach of contract claim against the defendant manufacturer. *Id.* In *Adair Bus Sales Inc.*, the Tenth Circuit Court of Appeals held that where the "appeal is presented to us upon the district court's order of dismissal, we have appellate jurisdiction. . . and may correct the procedural error." *See Adair Bus Sales Inc.*, 35 F.3d at 955.

A decade later, in *Lloyd II*, the Third Circuit Court of Appeals, citing *Adair Bus Sales Inc.*, made plain and precedential that an appellate court had discretion to consider the merits of an arbitration action that was both dismissed and ordered to arbitration. *See Lloyd*, 369 F.3d at 268, 271(holding that an

---

[7] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* V.I. Code Ann. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. Code Ann. tit. 1).

[8] 35 F.3d 953 (10th Cir. 1994).

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 8

appellate court has jurisdiction to address the merits of the appeal, while it may also decline to do so when it believes addressing the merits will prolong the ultimate resolution of the dispute.)

This action was initially filed over half a decade ago, the issues presented in this appeal have been fully briefed and several of the challenges presented may expedite arbitration. As we are called upon to exercise our discretion, we are of the opinion that addressing the pertinent merits is likely to advance, rather than prolong, the ultimate resolution of this dispute by arbitration. *See id.*

**IV. DISCUSSION**

> **A.   Whether the trial court erred in dismissing,
> rather that staying the action pending arbitration**

On cross-appeal, Hovensa argues that pursuant to § 3 of the FAA, the trial court was statutorily required to grant Hovensa's motion to stay the litigation of Pemberton's claims pending the outcome of arbitration.

9 U.S.C. § 3, provides in pertinent part that:

> If any suit or proceeding be brought in any of
> the courts of the United States upon any issue
> referable to arbitration under an agreement in
> writing for such arbitration, the court in
> which such suit is pending, upon being
> satisfied that the issue involved in such suit
> or proceeding is referable to arbitration
> under such an agreement, *shall* on application

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 9

> of one of the parties stay the trial of the
> action until such arbitration has been had in
> accordance with the terms of the agreement,
> providing the applicant for the stay is not in
> default in proceeding with such arbitration.

*Id. (emphasis added)*

The Superior Court relied on *Lloyd v. Hovensa* ("*Lloyd I*")
when it entered dismissal.[9] Verily, in *Lloyd I*, the District
Court of the Virgin Islands held that when all the claims
involved in a case are arbitrable, dismissal was appropriate.
*Lloyd v. Hovensa LLC*, 243 F. Supp. 2d 346, 353 (D.V.I. 2003).

However, during the pendency of this appeal, the Third
Circuit Court of Appeals reversed and remanded the District
Court's dismissal determination in *Lloyd I*. *See Lloyd v. Hovensa*,
369 F.3d 263, 275 (3d Cir. 2004)("*Lloyd II*"). In *Lloyd II*, the
Third Circuit held that the plain language of § 3 affords a trial
court no discretion to dismiss a case where one of the parties
applies for a stay pending arbitration.[10] *Lloyd v. Hovensa*, 369

---

[9] *Lloyd I* involved a Wyatt employee who sued Hovensa and Wyatt for
violation of federal and territorial civil rights statutes and for intentional
infliction of emotional distress. In that case, Hovensa also challenged the
trial court's decision to dismiss rather than to stay the action. *Lloyd*, 243
F. Supp. 2d at 352.

[10] The purpose of the FAA is to promote arbitration as a fast and
relatively inexpensive alternative to litigation. *Lloyd v. Hovensa*, 369 F.3d
at 270. As such, holding that Congress intended to deprive the Superior Court
of discretion to deny a stay produces results that effectively promotes and
facilitates arbitration. *Id.* As the Court of Appeals annunciated in *Lloyd II*,
the effect of that stay is twofold: it relieves the party entitled to
arbitrate of the burden of continuing to litigate the issue while the

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 10

F.3d at 269.

In this case, the parties executed an agreement to arbitrate. Based on that agreement, Hovensa requested a stay of the proceedings. The Superior Court, therefore, lacked discretion to order dismissal. *See Lloyd v. Hovensa*, 369 F.3d at 269. Accordingly, we shall reverse and remand for the Superior Court to vacate its dismissal and issue a stay pending arbitration.

**B.    Whether the trial court erred when it did not hold an evidentiary hearing**[11]

Section 4 of the FAA provides that if a party petitions to enforce an arbitration agreement,

> the court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

Pemberton argues that the Superior Court was required to conduct an evidentiary hearing to determine whether the parties entered into a valid agreement, prior to ordering them to

---

arbitration process is on-going, and it entitles that party to proceed immediately to arbitration without the delay that would be occasioned by an appeal of the Superior Court's order to arbitrate. *Id.*

[11] Whether the trial court erred by failing to develop an evidentiary record or permit discovery is reviewed for abuse of discretion. *See, e.g., Government of the Virgin Islands v. Dowling*, 814 F.2d 134, 141 (3d Cir. 1987).

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 11

arbitration.[12] By failing to do so, Pemberton argues that the Superior Court failed to develop an adequate record, which in turn deprives this Court of effective review.

While we recognize that is for the court, not the arbitrator, to decide in the first instance whether a dispute is to be resolved through arbitration;, neither the FAA, nor the genealogy of arbitration jurisprudence interpreting it, has developed a bright-line rule that requires an evidentiary hearing to determine the preliminary question of arbitrability.[13]

It is clear, however, that a trial court's pre-arbitration review of an agreement to arbitrate should be limited in breadth and narrow in scope.[14] It is equally apparent that: 1)the goal of the FAA is to secure a fair and expeditious resolution of the underlying controversy and;[15] 2)in determining whether a matter

---

[12] *See Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 264 (3d Cir. 2003); *Edwards v. Hovensa, LLC*, 497 F.3d 355,362 (3d Cir. 2007).

[13] *See AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 651(1986)(holding that it is for the court, not the arbitrator to first determine arbitrability).

[14] [W]hereas one might call any potentially dispositive gateway question a 'question of arbitrability,' the phrase . . . has a far more *limited scope*. Such questions of arbitrability are raised only in *narrow circumstance[s]* where courts must determine 'gateway matter[s],' such as a dispute about 'whether the parties are bound by a given arbitration clause' or . . . 'a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.' *Gay v. CreditInform*, 511 F.3d 369, 387 (3d Cir. 2007)(citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002))(emphasis added).

[15] *id.*

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 12

should be arbitrated, doubts concerning the scope of arbitrable
issues should be resolved in favor of arbitration." *Great W.
Mortgage*, 110 F.3d at 228; *E.I. Dupont de Nemours & Co. v. Rhone
Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 194
(3d Cir. 2001). As such, we cannot find that the trial court
erred where it relied upon the record to make the dual
determination that an agreement to arbitrate existed and that the
dispute fell within the language of the agreement.[16]

**C.   Whether the trial court erred in denying Pemberton an
opportunity to conduct discovery.[17]**

Pemberton also contends that he was erroneously denied an
opportunity to conduct pre-arbitration discovery.[18] Potential
litigants opt for arbitration, as opposed to litigation, because
arbitration is a faster and less formal method of dispute
resolution. *Forsythe Internat'l., S.A. v. Gibbs Oil Co. of Texas*,
915 F.2d 1017, 1022 (5th Cir. 1990). A primary reason for this is
that formal discovery under the Rules of Civil Procedure

---

[16] Notably, Pemberton raises no fact-driven challenges to contract
formation such as fraud, duress or coercion that may justify the necessity of
an evidentiary hearing.

[17] We review a trial court's denial of a party's motion to conduct
further discovery in opposition to a motion to compel arbitration for abuse of
discretion. *Seus*, 146 F.3d 178.

[18] Hovensa contends that Pemberton's request was untimely. While it is
unclear from the record whether Pemberton's opposition motion was timely, his
request was implicitly denied by the trial court's dismissal of the action.
(App. 2, 36.)

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 13

generally is not allowed in an arbitral proceeding. *Commercial*

*Solvents Corp. v. Louisiana Liquid Fertilizer Co.*, 20 F.R.D. 359,

362 (S.D. N.Y. 1957); *Schacht v. Hartford Fire Ins. Co.*, No. 91 C

2228, 1991 U.S. Dist LEXIS 16430, at *12-*13 (N.D. Ill. November

6, 1991).

The court in *In Re Technostroy*[19] export underscored the

differences between discovery in arbitration and litigation:

> It appears to be generally accepted that the rules
> and procedures in arbitration are intended to be
> radically different from the rules and procedures in
> the courts. Arbitrators govern their own
> proceedings, generally without assistance or
> intervention by a court. Whether or not there is to
> be pre-hearing discovery is a matter governed by the
> applicable arbitration rules (as distinct from court
> rules) and by what the arbitrators decide. It has
> been expressly held that a Federal District Court
> has no power to order discovery under court rules
> where the matter is being litigated in an arbitration.

853 F. Supp. 695, 697-98 (S.D. N.Y. 1994)(citations

omitted).

Limitations on formal discovery in arbitral proceeding are a

conduit for efficient dispute resolution. To require the Superior

Court to grant parties unfettered leave to engage in protracted pre-

arbitration discovery would invariably frustrate the FAA's

presumptive goal of arbitration as an efficient alternative to

---

[19] 853 F. Supp. 695, 697-98 (S.D. N.Y. 1994)(citations omitted).

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 14

litigation.[20] This is particularly the case, where as here, the party resisting arbitration has not raised any factual challenges to contract formation. Where no factual challenges have been raised, any potential litigant's discovery requests could feasibly be applied to arbitration provisions in all sorts of contracts. Such a requirement could result in a significant narrowing of the application of FAA. *See, e.g., Gay*, 511 F.3d at 395. If a narrowing of the FAA is to occur, it is the province of Congress, not this Court, to do so. *See id.*

## D. Challenges to contract formation

Pemberton challenges several provisions of the contract as unconscionable and argues that the agreement doesn't cover tort causes of actions.[21]  The Third Circuit Court of Appeals has addressed Pemberton's conscionability arguments in a myriad of arbitration cases concerning similar agreements between Virgin

---

[20] *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 651(1986)(citations omitted).

[21] We reject this argument outright. Pemberton's arbitration agreement expressly provides that
"[t]he claims covered by this agreement to arbitrate include, but are not limited to . . . tort claims." (J.A. 28.) Furthermore, in *Edwards v. Hovensa*, the Third Circuit Court of Appeals held that personal injury claims may appropriately be covered by arbitration agreements and further held that a trial court's ruling to the contrary "reflects the judicial hostility to arbitration that the Supreme Court of the United States has sought to alter." *Edwards*, 497 F.3d at 362.

*Charles Pemberton v. Hovensa L.L.C. et al.*
D.C. Civ. App. No. 2003/0124A
Bench Memorandum
page 15

Islands employees and Hovensa contractors. In reviewing those case, Third Circuit has invariably held that the provisions at issue have all met conscionability muster. *See Edwards v. Hovensa, LLC*, 497 F.3d 355, 362 (3d Cir. 2007)(holding that the third party beneficiary provision is not unconscionable); *Lloyd*, 369 F.3d at 275 (holding that the confidentiality provision is not unconscionable); *Lloyd*, 243 F. Supp. 2d at 350 (holding that the fee splitting provision is not unconscionable). We defer to the Third Circuit's precedential reasoning regarding the similar provisions that Pemberton challenges in this appeal.

**V. CONCLUSION**

For the reasons cited above, we vacate the trial court's order dismissing the matter with prejudice. With respect to that dismissal, we will remand this matter to the trial court to enter an order staying this matter pending the outcome of arbitration. In all other respects, we affirm the trial court's ruling.